```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
```

| | |
|---|---|
| BARBARA BOYER, | ) |
|  Plaintiff, | ) No. CV-04-3101-CI |
| v. | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| JO ANNE B. BARNHART, | ) AND REMANDING FOR AN IMMEDIATE |
| Commissioner of Social Security, | ) AWARD OF BENEFITS |
|  Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 10, 14), submitted for disposition without oral argument on April 11, 2005. Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Richard M. Rodriguez represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands for an immediate award of benefits.

Plaintiff, who was 37-years-old at the time of the administrative decision, protectively filed an application for Supplemental Security Income (SSI) benefits on May 16, 2001, alleging onset as of July 1, 1999, due to physical and mental impairments. (Tr. at 52.) Plaintiff earned a GED and had relevant

past work as a fruit sorter, snow board assembler, general laborer, and food server. (Tr. at 427-433.) Following a denial of benefits and reconsideration, a hearing was held before Administrative Law Judge Riley J. Atkins (ALJ). The ALJ denied benefits after concluding Plaintiff was able to perform her past relevant work or, alternatively, other work which exists in significant numbers in the national economy. Review was denied by the Appeals Council. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded Plaintiff had not engaged in substantial gainful activity due to severe impairments including fibromyalgia, dysthymic disorder, somatoform disorder, personality disorder, and polysubstance dependence in remission, but those impairments did not meet the Listings. The ALJ concluded Plaintiff's testimony was not fully credible and that she retained the residual capacity to perform light work. (Tr. at 21.) The ALJ found Plaintiff was able to perform her past relevant work or, alternatively, other work which exists in significant numbers in the national economy. Thus, there was no disability found.

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he (1) improperly rejected the opinion of the treating physician and several lay witnesses, (2) conducted an improper step four analysis, and (3) posed an incomplete hypothetical to the vocational expert. In light of the court's

disposition of the issue addressing rejection of the opinion of the treating physician, it is not necessary to address the remaining issues.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his

impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

Plaintiff asserts the ALJ failed to properly reject the opinions of her treating physician, contending Dr. Bothamley's opinion in February 2003 was not inconsistent with his findings in 2001 and with the medical record between 2001 and 2003. Additionally, Plaintiff asserts the ALJ failed to consider in its entirety an opinion by physician's assistant Tuning who concluded Plaintiff could perform light work, but also noted she was unable to perform such work on a sustained basis. Thus, it is argued, his opinion was consistent with that of Dr. Bothamley. Although the ALJ concluded Dr. Bothamley's 2003 opinion was without objective support, Plaintiff concludes the medical record demonstrates Plaintiff sought medical assistance on a regular continuing basis for relief of pain, fatigue, weakness, and migraine headaches, which were somewhat relieved by Toradol injections.

In a disability proceeding, the treating physician's opinion is given special weight because of familiarity with the claimant and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 4

his physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). If the treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605. While a treating physician's uncontradicted medical opinion will not receive "controlling weight" unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," Social Security Ruling 96-2p, it can nonetheless be rejected only for "'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604. Here, the opinion of the treating physician remains uncontradicted by an examining physician; thus, clear and convincing reasons are necessary to reject that opinion.

In his opinion, the ALJ noted the following:

> Records from William Bothamley, M.D., the claimant's treating physician, revealed the claimant's complaints of headaches, neck pain, right arm and shoulder pain, and fibromyalgia with multiple somatic complaints. . . . Dr. Bothamley opined on July 2, 2001, the claimant was

>capable of sedentary work.  However, in response to questions submitted to him by the claimant's attorney, Dr. Bothamley reported on February 11, 2003, the claimant was unable to work on a regular and continuous basis and would miss four or more days per month and this had existed since May 1999.

(Tr. at 17, references to exhibits omitted.)

>I am aware of the opinions expressed by Dr. Bothamley, a treating physician, that in February 2003, the claimant was unable to work on a regular and continuous basis and opined she would miss four or more days per month. I have carefully considered this opinion and have accorded it little weight.  Dr. Bothamley's treatment records do not support his opinion.  Dr. Bothamley last saw the claimant in May 2001, and opined in June 2001, the claimant was capable of sedentary work.  There are no treatment records since this date that would support a worsening of the claimant's physical impairments.  Dr. Bothamley even noted he was at a loss to provide the claimant any further help as she had refused to follow up on his recommendations. Furthermore, this opinion of an inability to work is not consistent with the other medical records and the other opinions contained in the files as a whole.  For example, a physical examination from the Family Practice found the claimant capable of at least light exertional work.

(Tr. at 20.)  The question is whether Dr. Bothamley's opinion as to diagnoses and limitations has been rejected by clear and convincing reasons that are supported by the record.

The medical record indicates Dr. Bothamley saw Plaintiff on a regular basis from 1998 through 2001, and again in February 2002.  In June 2001, he indicated she could perform sedentary work, but also stated she would not be able to perform full time work for at least 16 weeks.  (Tr. at 229.)  At that time, Dr. Bothamley also limited Plaintiff to standing or sitting for no longer than 30 minutes. (Tr. at 228.)  In October 2001, Dr. Bothamley noted Plaintiff was not following his recommendations and he was at a loss as to what could be done for her.  (Tr. at 214.)  In February 2002, he examined her for complaints of severe pain and refused her referral to a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 6

surgeon for treatment of her ankle.  (Tr. at 209.)  With respect to the opinion rendered a year later, Dr. Bothamley noted Plaintiff would need to rest on a daily basis secondary to fatigue, pain, and side effects of medication.  (Tr. at 374.)  He concluded Plaintiff would miss four or more days of work per month.  (Tr. at 375.)

The medical record and clinic notes, 1998 through 2002, substantiate Plaintiff was plagued by frequent colds, nausea, abdominal pain, and diarrhea.  (Tr. at 212-272.) Notes indicated Plaintiff started the recommended Dialectical Behavioral Therapy (DBT) group on November 13, 2001, and attended on a regular basis through February 21, 2002.  (Tr. at 285-302.)  In April 2002, PA-C Tunney concluded Plaintiff could perform light work, "but not on a sustained basis for a full time job, i.e., 8 hours, would need frequent daily position change."  (Tr. at 279.)

Examinations by rheumatologist Daniel Sager, M.D., in November and December 2001, indicated flaring of pain in the right upper back/trapezius, arm and hand region, neck pain from a motor vehicle accident and TMJ following an assault in 1981, frequent headaches, sleep difficulties, and diffuse right leg aching pain. This pain was medicated with Vioxx, Toradol injections, and sleep was assisted with Trazadone.  (Tr. at 198.)  Dr. Sager added Remicade, low dose methotrexate and Prednisone, noting "persistent prominent improvement" of her condition.  (Tr. at 197.)  Additionally, Plaintiff took Paxil to control depression.

Dr. Davis, the testifying expert, opined Plaintiff was more physically limited than psychologically, and that her physical condition was becoming worse despite continued medical attention. (Tr. at 421.)  He did not dispute the physical findings or offer an

opinion as to physical residual capacity. The only contradictory opinion as to residual capacity is consultant Staley's opinion dated July 2001 in which he opined Plaintiff was limited to light work with some postural limitations involving climbing ramps, stairs, ladders and ropes. (Tr. at 201.) He concluded there were few objective findings to support the many complaints of pain and that they were tied to stress, anxiety, and depression. (Tr. at 203.) However, the opinion of a consulting physician can neither, by itself, constitute substantial evidence, *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995), nor justify the rejection of the opinion of a treating physician. *Lester*, at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990).

Having failed to properly reject the opinion of the treating physician, that opinion must be credited as a matter of law. *Lester*, 81 F.3d at 834. It does not appear there are remaining issues to be decided; the vocational expert testified a worker who missed more than one or two days per month would not be able to sustain employment. (Tr. at 440.) Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 10)** is **GRANTED;** the matter is **REMANDED** for an immediate award of benefits.[1]

---

[1] Plaintiff is cautioned that an award of benefits may be discontinued at a subsequent review of her file if it is later determined alcohol or substance abuse is a material factor as to disability or there is evidence Plaintiff failed to follow recommendations as to treatment modalities.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 8

1      2.   Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 14)** is **DENIED.**

3      3.   Any application for attorney fees shall be filed by separate motion.

5      4.   The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Plaintiff.

   DATED May 5, 2005.


                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE